**UNITED STATES of America,**
**Appellee,**

v.

**Israel FERSNER, Appellant.**

**No. 13125.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1969.

Decided Oct. 14, 1969.

Harry P. Hart, Alexandria, Va., for appellant.

Alfred D. Swersky, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before SOBELOFF, CRAVEN, and BUTZNER, Circuit Judges.

PER CURIAM.

Israel Fersner appeals from his conviction for the unauthorized use of an automobile in violation of Virginia Code Ann. § 18.1–164 (1960). He was indicted under the Assimilated Crimes Act, 18 U.S.C. § 13, because the offense occurred at the National Airport which is under the jurisdiction of the federal government. Fersner and a codefendant, Miller, were seen taking a rental car from a parking lot at the airport. They were apprehended while driving to Washington, D.C. Miller testified that an employee of the rental firm gave them permission to take the car. Fersner did not testify.

Fersner principally complains about the court's denial of a severance and the admission of testimony implicating Miller. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), Barton v. United States, 263 F.2d 894 (5th Cir. 1959), and Schaffer v. United States, 221 F.2d 17 (5th Cir. 1955), upon which Fersner relies, involve the use of codefendants' confessions. Here Miller did not confess. Moreover he testified and was available for cross-examination by Fersner's counsel. Fersner has failed to demonstrate that he was prejudiced by the joinder, and we find no abuse of the discretion allowed the district judge under Federal Rule of Criminal Procedure 14.

In his charge to the jury, the court emphasized that the principal factual issues were whether the defendants had consent of the owner's employees to drive the car and whether they had the intent to deprive the owner of it temporarily. Fersner complains that the judge neglected charging on other elements of the crime. Fersner did not object to the charge on this ground, and we find no plain error. The charge when read in its entirety fairly instructed the jury. Its emphasis on the issues which

were the chief subjects of contention was not error.

We find no error in the other rulings of the district judge about which Fersner complains.

The judgment of the district court is affirmed.